UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SUNDIATA LANGFORD, | ) | Case No.: 1:05 CV 1487 |
| | ) | |
| Petitioner | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | |
| MARGRET BRADSHAW, | ) | |
| | ) | |
| Respondent | ) | <u>ORDER</u> |

On May 25, 2005, Petitioner Sundiata Langford (hereinafter, "Langford" or "Petitioner") filed a petition for writ of habeas corpus (ECF No. 1) pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his state court jury trial conviction for murder with a firearm specification on four grounds:

(1) The petitioner was denied the effective assistance of appellate counsel in violation of his Fourteenth Amendment Rights under the United States Constitution and Article I Section 10 of the Ohio Constitution for Counsel[']s failure to raise the issue that appellant was denied the effective assistance of trial counsel for trial counsel[']s failure to request jury instructions on the lesser included offenses of murder.

(2) The petitioner was denied effective assistance of trial counsel for counsel[']s failure to investigate and call a vital defense witness in violation of petitioner[']s Sixth and Fourteenth Amendment Rights under the United States Constitution, and Article I Section 10 of the Ohio Constitution.

(3) Petitioner was denied Due Process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution and Article I Section 10 of the Ohio Constitution when evidence of Gang Affiliation is

>> presented by the prosecutor over [the] defense['s] objection and is provided to a defendant[']s jury without limiting instructions.
>
> (4) Petitioner was denied due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution and Article I Section 10 of the Ohio Constitution when the court would not instruct the jury on the lesser included offenses of negligent or reckless homicide.

(Attachment to Habeas Petition at 1, ECF No. 1.)

This court referred the case to Magistrate Judge James S. Gallas for preparation of a Report and Recommendation. Both parties filed briefs in support of their respective positions. (*See* ECF. Nos. 7, 12.) The Magistrate Judge then submitted his Report and Recommendation on December 5, 2006, recommending that Langford's Petition be denied. (ECF No.13.)

On December 18, 2006, Langford requested a twenty-day extension of time to file objections to the Report and Recommendation. (*See* Motion for Extension, ECF No. 14.) On January 4, 2007, the court granted Petitioner's request. As of the date of this Order, Petitioner has not filed objections to the Report and Recommendation. By failing to do so, he has waived the right to appeal the Magistrate Judge's recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).

The court finds, after careful *de novo* review of the Magistrate Judge's Report and Recommendation and all other relevant documents, that the Magistrate Judge's conclusions are fully supported by the record and controlling case law. Accordingly, the court adopts as its own the Magistrate Judge's Report and Recommendation. (ECF No. 13.) Langford's Petition for a writ of habeas corpus is hereby denied. The court further certifies that pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

                                                  /s/*SOLOMON OLIVER, JR.*
                                                  UNITED STATES DISTRICT JUDGE

April 30, 2007